T. B. CHILDRESS *v.* NORFOLK & WESTERN RAILWAY COMPANY

(No. 6998)

Submitted September 15, 1931. Decided September 22, 1931.

*A. J. Lubliner* and *John Kee,* for plaintiff in error.

*F. M. Rivinus, Reynolds & Reynolds,* and *Sanders, Crockett, Fox & Sanders,* for defendant in error.

HATCHER, JUDGE:

This is an action in which the plaintiff seeks to recover damages for a personal injury under the Federal Employer's Liability Act. A verdict for plaintiff was set aside by the trial court, and the plaintiff obtained a writ of error.

The plaintiff was a section hand on a branch road of defendant which extends up Wolf Creek in Virginia. The section crew assembled at about 6 A. M. on December 19, 1929, at a station called Bastian, for the purpose of going on a motor car to assist a force of men which was laying steel below Rocky Gap (another station). Some eight miles from Bastian the car was wrecked by a rock, weighing some 125 pounds, which was wedged against the outside of the rail, and which had got on the track during the night. The plaintiff was thrown off and his shoulder injured. It was not yet daylight, and the only light on the car was an ordinary lantern which illuminated the track but a few feet ahead of the car. No one saw the rock before the impact. The speed of the car at the time of the wreck was approximately thirty miles an hour, and it was driven by the section foreman, who was in complete charge of the crew, with the right to hire and discharge. It had rained the night before, the rails were wet, and the car could not have been safely stopped at the place of the accident, in less than about 180 feet. Plaintiff testified that he had worked on this section for several years; that he had operated motor cars similar to the one on which he was injured, and that he was afraid to run them faster than ten or twelve miles an hour; but that it had been the custom of the foreman to drive such cars, when carrying the section crew, at from thirty to forty miles an hour, and that he (plaintiff) had never objected to the rate of speed. The evidence discloses that the section crew had been assisting the force below Rocky Gap for several days, and that the crew had never been called out before daylight prior to laying this steel. The evidence is not clear, however, whether the crew had left Bastian before day-

light each morning it had gone to work below Rocky Gap, or only on the morning of the accident.

The defendant relies upon the doctrine of assumption of risk, a defense recognized by the Federal Act. The Federal decisions state that doctrine as follows: (a) ordinary risks of an occupation are assumed by an employee whether he is actually aware of them or not; and (b) a risk not naturally incident to the occupation is also assumed, where the employee knows of it and appreciates the danger, or where the risk and the danger are so obvious as to preclude the inference that he was unaware of them. See 2 Roberts Fed. Liabilities of Carriers (2nd Ed.), sec. 831, and the many cases there quoted and cited. The Federal conception of this doctrine is the one generally adopted. See *Berns* v. *Gaston Coal Co.*, 27 W. Va. 285; 3 Labatt Master and Servant (2nd Ed.), secs. 1182 and 1183; 2 Bailey Pers. Inj. (2nd Ed.), sec. 356.

The plaintiff contends that his conduct should be classified as contributory negligence instead of assumption of risk, but we cannot do so under the evidence because of the sharp distinction drawn in *Schlemmer* v. *Ry.* Co., 220 U. S. 590 (596): ''There is a practical and clear distinction between assumption of risk and contributory negligence. By the former, the employe assumes the risk of ordinary dangers of occupation and those dangers that are plainly observable; the latter is the omission of the employe to use those precautions for his own safety which ordinary prudence requires.''

We are of opinion that the operation of the car at 30 miles an hour through the darkness with no light but the inadequate light of the lantern, was perilous. If the morning of the accident was the first time the car had been operated in this manner, we are of opinion that plaintiff did not assume the risk of such unexpected negligent conduct of the foreman. But if the car had been so operated for several mornings, before the accident, then the plaintiff had time to appreciate fully the hazard of the operation and must be held to have assumed the risk. Because the facts do not clearly appear in the evidence, it was proper for the trial court to set aside the verdict and direct a new trial, so that the true situation might be developed.

*Affirmed.*